Good morning, Your Honor. Patricia Morales on behalf of Ghannudi. Now, please proceed, ma'am. Thank you. I'm sorry. Proceed. I'm sorry, Your Honor. It sounded like you thought it was seated. Seated, yes. Proceed. Good morning, Your Honors. We are here today on an issue that involves whether or not the Board of Immigration Appeals abuse its discretion by failing to consider the exception to the timeliness of the petitioner's appeal. Under the REAL ID Act, Section 208A-A to D of the Act, an exception is created when a change in country of naturalization occurs. In Parkney v. Muskesee, excuse the pronunciation, the citation is 524 Federal 3rd, 1057, in the 9th Circuit of 2008, there can be a change of circumstances which materially affect the applicant's eligibility for asylum if the alien always meant to apply for asylum and always feared prosecution. Under those circumstances, my client meets those requirements, and it is our contention that the Board of Appeals failed to exercise the appropriate discretion in taking that into consideration. Additionally... Can I ask you to be more specific? Exactly what it is you think the Board should have considered that it did not? One of the indications that my client stated in his record was the fact, administrative record, was he submitted documents of evidence of conditions in his country of Libya. It's in the administrative records, pages 115-23, 141-49, 165-267, and 379-89. Those evidence of the conditions of Libya made the situation where Mr. Gandhi has, from the beginning, onset claimed his fear of prosecution in that country. Now, the BIA's decision made reference to that, didn't it? The BIA did make reference to that. So how is it an abuse of discretion in failing to address? They addressed. Well, Your Honors, it is my belief that the information that the Board of Immigration Appeals utilized was not completely clear on the record as to what the decisions, other than it was not a timely appeal. May I just ask you a question? If we remanded this case to the Board, what conditions would they look at? The conditions that are now in existence, or the conditions that were in existence at the time of the last hearing? For an example, the Benghazi bombing. That is just one of many examples that occur right now as we speak in Libya. So you think conditions are worse after Qaddafi left? The conditions in that particular instance, yes, Your Honor. Qaddafi has left, and the conditions had improved for a period of time. However, given again the situation that the Libya country finds itself currently because of the Benghazi, it now finds itself in a situation where conditions are worse. So it would have been better to leave Qaddafi where he was? No, Your Honor. I do not agree with that statement. So in that sense, conditions have improved? The conditions did improve for a period of time, Your Honor. I agree with the Court. Conditions have improved. No, I'm not saying anything. I'm asking questions. Yes, Your Honor. The conditions had improved since Qaddafi had left. However, again... And now they're worse again? However, again, they have worsened again. But I thought his claim, your client's claim, was that he would be persecuted because he opposed Qaddafi. That was the original claim at the time of the original petition for asylum. And what's his claim now? His claim is that he would be persecuted given his beliefs of his government at this time. And what's his basis, his evidence that he would be persecuted? His basis has not been addressed before the courts. However, his basis is his conditions in this country, his beliefs on the structure of this country versus his country of Libya. You mean he'd be better off here than in Libya? Is that a reason for relief in a persecution case? Well, when... I mean, everybody in the world, I assume, our government believes would be better off if they were here. That is correct statement, Your Honor. However, if... Although the French might challenge that. The French definitely might challenge that. However, it is the issue of the fear that we are really discussing. It is not an issue of whether life is... or conditions of lives are better here in the United States versus any other part, including France. However, but it is more the issue of fear of persecution. Do you want to save the rest of your time for your rebuttal? I'm sorry, Your Honor? Would you like to save the rest of your time for rebuttal? Yes, Your Honor, I would. Thank you. Thank you. May it please the Court. Colin Tucker for the Attorney General. As the government argued in its motion to dismiss and reiterated in its answering brief, we believe the Court lacks jurisdiction to consider this petition for review. There is nothing... This man is now in his 70s? Yes, Your Honor. Yes, he is approximately 73, I believe. And he came to this country, what, about 35 years ago? 1977, to be exact, Your Honor.  Yes. He came on a student visa and he undertook doctoral studies. He has no criminal record of any kind? Not that I'm aware of, Your Honor, no. He's married to an American citizen? Yes. Who was trying to get him a relative's visa petition for the last 12 or 13 years? Actually, he has the approved relative visa petition. He was deemed ineligible to adjust status on the basis of that petition. Actually, I'm sorry, he was not deemed ineligible. He attempted to reopen so he could seek adjustment of status on the basis of that petition. Reopening was denied. And he's been with a good, unblemished work record since he's been here? As far as I know, Your Honor, yes. And he has no criminal history? No criminal history, Your Honor. I think I understand the court's concerns with regard to this particular case. Well, I'll finish. I'm sorry, Your Honor, by all means. He has a disabled wife with a degenerative back condition. He's had three major back surgeries, severe depression, and attempted suicide while her husband was being detained by ICE. That's what was stated in the motion to reopen, Your Honor, yes. And you're really sure you want to deport him? Your Honor, let me start with the disclaimers. Whether or not ICE decides that an alien warrants a favorable exercise of prosecutorial discretion is a determination that's reserved solely for ICE and one the court lacks jurisdiction to review. That being said, like I said earlier, I do understand the court's concerns with regard to this particular case. I was added as an attorney assigned to this argument only 30 days ago. I reviewed the record. I did initiate a dialogue with ICE to ask whether or not it believed that this particular petitioner warrants a favorable exercise of prosecutorial discretion. That discussion is ongoing. I'm not at this time in position to commit ICE either way. But I do believe that it's possible that they will decide to either remand this case or, excuse me, reopen this case for administrative closure or perhaps more likely here just agree to defer action with regard to enforcement of the order of removal. When would that decision be made? Very soon, Your Honor. In fact, I'm somewhat disappointed I wasn't able to come with something more authoritative today. I would imagine no later than a month. All right. Well, I don't know how much of the argument we need, but we can see that. But we could then defer our decision until you have a chance to complete your review and advise us. I think that might be the best course of action. I do want to stress that our position with regard to the jurisdiction over this petition for review doesn't change in that respect. Yes. But I would agree that, yes, perhaps holding the case in abeyance for a brief period of time might be warranted here. All right. Does anyone have any questions? Thank you, counsel. Thank you. Thank you, counsel. Case just argued will be submitted. Do you want to defer submission? It will not be submitted. Submission will be deferred. Thank you. Thank you.
judges: Rakoff, Reinhardt, Clifton